■ ROSKIN BROS., INC., Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 32296.) — Appeal from a judgment entered on a decision rendered after trial in the Court of Claims. The State built a highway passing over a culvert carrying a natural stream. To prevent the culvert being blocked by debris coming from upstream and thus the flooding of land on the upstream side of the road, the State installed a screen. On the downstream side of the road on private land the owner of the land built a catchbasin to drop the level of the stream to a lower point to permit covering over and development of the private land. The State took away the screen from the mouth of the culvert; and it could be found that the debris passing into the culvert caused it to be blocked up and to fill with water resulting in an increase in the hydro-static pressure both in the catchbasin and the culvert. Claimant's cellar, which is located on land approximately 20 feet from the manhole, was flooded. There is some expert opinion in the record attributing the cellar flooding to the filling up of the catchbasin. The flooding occurred under unusual rainfall conditions; and the Court of Claims, dismissing the claim against the State, was of opinion that the State had been negligent in removing the screen but that the relationship between the claimant's damage and the removal of the screen had not been sufficiently established. In our view the question need not be reached here. The stream was a natural watercourse and an upper riparian owner is not chargeable with negligence in allowing debris to flow through his land from above which may cause damage below, providing he does not affirmatively increase the material flowing in the stream. The only act of negligence attributed to the

State is removing a screen which had prevented debris from passing through the State's premises. The removal merely allowed the stream to flow unimpeded. The accumulation of water was not caused by an instrument on the State's land, but by the catchbasin on a third-party's land. The State's liability has not been demonstrated. Judgment unanimously affirmed, with costs to the respondent. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ. [5 Misc 2d 929.]